IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EMMANUEL BAPTIST CHURCH, | ) |
| Plaintiff, | ) ) ) |
| v. | ) NO. CIV-11-594-D ) |
| STATE FARM FIRE AND CASUALTY COMPANY, | ) ) ) ) |
| Defendant. | ) |

## ORDER

Before the Court are the motions in limine [Doc. No. 44] filed by Plaintiff. Plaintiff seeks exclusion at trial of 48 separate categories of evidence. As Defendant notes in its response, many of these merely recite the requirements of the Federal Rules of Evidence, and no response is required. Nor is the Court required to issue a ruling as to those motions. Some of the remaining motions are not challenged by Defendant. It objects to only ten of the 48 motions. The Court addresses the ten motions at issue by reference to the motion number, as follows:

No. 3:

In this motion, Plaintiff seeks exclusion of evidence that its attorney referred Plaintiff to any contractor or adjuster to estimate the costs of repairs to the property at issue in this breach of insurance contract case. Plaintiff contends such evidence is irrelevant, and such communications would be protected by the attorney-client privilege.

Defendant responds by noting that Plaintiff's expert witness, Jim Kotter, was hired by Plaintiff's counsel to provide the initial estimate of damages claimed by Plaintiff. Prior to his designation as an expert witness, he prepared an appraisal on behalf of Plaintiff and its counsel. Defendant also notes that Mr. Kotter has served as an expert witness hired by Plaintiff's counsel

in other lawsuits. Defendant states that his prior services on behalf of the attorney representing Plaintiff in this matter may go to his credibility.

While the Court does not expect this issue to be significant, Defendant is correct that expert witnesses are often questioned by opposing counsel with regard to their prior testimony or services as experts in other matters. While communications between counsel and Plaintiff would be protected by the attorney-client privilege, the fact that Mr. Kotter may have previously been hired by counsel to provide expert testimony on behalf of other parties does not constitute a privileged communication. To that extent, the motion in limine is denied.

No. 8:

In this motion, Plaintiff seeks to exclude evidence that it "has been involved in any other insurance claims before or after the incident in question, or that Plaintiff's property has suffered any damages before or after the damages suffered in the incident in question." Plaintiff contends such evidence is not relevant because there is no evidence that prior or subsequent occurrences are causally related to the damages claimed by Plaintiff in this case.

Defendant objects to the extent this motion seeks to exclude evidence that Plaintiff's claim for recovery in this case might include damages which did not result from the storm underlying the subject insurance claim. As Defendant points out, if there is evidence of subsequent damage occurring after the claim at issue was presented, whether that damage forms a part of Plaintiff's claimed recovery in this case is relevant. Accordingly, such evidence will not be excluded. The motion in limine is denied.

No. 9:

This motion seeks exclusion of evidence "[t]hat Plaintiff's damages could not have occurred

from this incident made the basis for this lawsuit, without introducing expert testimony establishing same." Plaintiff contends that allowing such evidence, or related references, "would amount to Defendants' attorney or a lay witness testifying as an expert witness without satisfying the criteria established in *Daubert*" for expert or scientific evidence. In response, Defendant states that it will offer only expert testimony on this topic, but it objects to the motion to the extent Plaintiff seeks to exclude a lay witness from offering an opinion based on his personal knowledge or observation.

The motion and Defendant's response suggest that the parties dispute whether all damages claimed by Plaintiff were caused by the storm. While expert testimony on this issue will be offered, certain lay witness opinion testimony on this issue could be admissible if it satisfies the Federal Rules of Evidence. The Rules permit a lay witness to offer opinions "rationally based on the perception of the witness," and "not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701. To offer such an opinion, the lay witness must have "first-hand knowledge of the events he is testifying about so as to present only the most accurate information to the finder of fact." *Magoffe v. JLG Industries, Inc.*, 375 F. App'x 848, 859 (10th Cir. 2010) (unpublished opinion) (citing *Grace United Methodist Church v. City of Cheyenne*, 451 F. 3d 643, 667 n. 12 (10th Cir. 2006)).

Accordingly, to the extent the motion seeks to exclude *all* non-expert testimony in the form of an opinion, it must be denied. However, to be admissible, such testimony must comply with the foregoing requirements regarding lay witness opinion testimony. To the extent the motion seeks enforcement of those requirements, it is granted.

No. 15:

Plaintiff asks the Court to exclude "[a]ny advice to the jury on the effect of its answers to the

questions posed in the submission, regardless of whether such advice is a direct or indirect comment, reference, suggestion or argument." The Court finds this motion completely unclear. Defendant interprets it as attempting to prevent its counsel from arguing that the jury should find in its favor if Plaintiff fails to satisfy its burden of proof. If that interpretation is correct, then the motion is denied because the parties' closing arguments will necessarily include such contentions. Because the motion otherwise is unclear, it is denied.

No. 27:

Plaintiff seeks exclusion of any "statement regarding Plaintiff's experts, their evaluations, reports, or records in other legal claims or lawsuits as it is not relevant to this lawsuit." This motion is also unclear. However, to the extent its seeks to limit Defendant's ability to ask if an expert has offered opinions in other cases and the scope of the expert's experience in that regard, Defendant correctly states that such inquiries are common in expert witness cross-examination. To that extent, the motion is denied.

No. 28:

As Defendant suggests in its objection, this motion appears to be the same as Motion No. 8, as it seeks exclusion of evidence that Plaintiff's structure may have been damaged by an occurrence other than the storm on which its insurance claim is based. For the same reasons as are set out in the ruling on Motion No. 8, this motion is denied.

No. 32:

This motion seeks exclusion of any reference to "any report, finding, opinion, or other expert, or the text or any expert witness unless it is shown that the same were properly proven up by deposition and sworn testimony with the opportunity for Plaintiff to cross examine with regard

to such items, or by affidavit properly filed with this Court in this cause." Although the motion is unclear, it appears that Plaintiff contends an expert cannot testify unless he was previously deposed by Plaintiff. The Court applies the Federal Rules of Evidence and the Federal Rules of Civil Procedure regarding expert testimony and its scope. Rule 26 of the Federal Rules of Civil Procedure does not require that an expert witness be deposed prior to his trial testimony. The motion is denied.

No. 36:

This motion also relates to expert witnesses, and it paraphrases the rule that a witness must satisfy the requirements of *Daubert* and the Federal Rules of Evidence to be qualified as an expert. To that extent, it is unnecessary. The Court established a deadline in this case for the listing of expert witnesses, and witnesses not so designated will not be permitted to testify. Furthermore, the deadline for filing *Daubert* motions has expired, and challenges in that regard have previously been decided by the Court.

As Defendant suggests, however, to the extent this motion may be interpreted as seeking to exclude proper lay witness testimony, it is denied for the same reasons as set forth in the Court's ruling on Motion No. 9.

No. 38:

This motion seeks exclusion of "testimony or evidence that Defendant's or Defendant's agents' or employees' ignorance or lack of knowledge regarding applicable industry guidelines, regulations, or statutes exonerates them from any liability." Again, this motion is unclear. Defendant interprets it as applicable to Plaintiff's contention that Defendant violated the duty of good faith in connection with Plaintiff's claim. In that regard, the motion is moot because the Court has granted Defendant's summary judgment motion on Plaintiff's bad faith claim, and that claim is

not an issue for trial. To that extent, the motion must be denied as moot.

<u>No. 48</u>:

In this motion, Plaintiff seeks exclusion of "any reference in the jury's presence to any payment made by Defendant to Plaintiff after suit was filed on April 12, 2011." Defendant objects, noting that exclusion of such evidence would be prejudicial because there is evidence that Plaintiff made demands for additional repair costs after this lawsuit was filed, and Defendant made some additional payments. The Court agrees. To the extent that Plaintiff sought additional amounts under the insurance policy after this lawsuit was filed, Defendant's payment of such amounts is relevant to the amount of damages, if any, to be recovered by Plaintiff. The motion is denied.

IT IS SO ORDERED this 24th day of January, 2013.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE